UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00038-MR

| | |
|---|---|
| TERRANCE L. JAMES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TODD ISHEE, FOREST D. BRIDGES, )<br>N.C. DEPARTMENT OF PUBLIC )<br>SAFETY, STATE OF NORTH )<br>CAROLINA, )<br>)<br>Respondents. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on review of the Petitioner Terrance L. James' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed *in Forma Pauperis* [Doc. 2], filed on January 24, 2022. Also before the Court is the Petitioner's Motion for Release from Custody Pending Appeal [Doc. 3], filed on May 23, 2022.

**I.     BACKGROUND**

Terrance L. James (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on June 30, 1999 in the Cleveland County Superior Court of first-degree murder and sentenced to life in prison without parole. See [Doc. 62 of Case 3:13-cv-00386 (W.D.N.C.)].

The North Carolina Court of Appeals entered an order on October 17, 2000 finding no error. State v. James, 540 S.E.2d 78 (N.C. Ct. App. Oct. 17, 2000)(unpublished table decision). On February 1, 2001, the North Carolina Supreme Court denied the Petitioner's petition for discretionary review. State v. James, 547 S.E.2d 31 (N.C. 2001)(Mem).

From 2004 to 2011, the Petitioner filed multiple petitions in this Court seeking habeas corpus relief, all of which were dismissed. See, e.g., James v. N.C. Dep't of Corr., Case No. 1:04-cv-201 (W.D.N.C.)(dismissed as untimely filed); James v. N.C. Dep't of Corr., Case No. 1:06-cv-148 (W.D.N.C.)(dismissed as unauthorized successive petition); James-Bey v. State of North Carolina, et al., Case No. 1:11-cv-00136-RJC (W.D.N.C.) (dismissed for failure to set forth valid claim of relief).

In 2013, the Petitioner was granted authorization to file a successive habeas petition by the Fourth Circuit Court of Appeals in light of the Supreme Court's decision in Miller v. Alabama.[1] The Petitioner filed the petition on June 24, 2013. See James-Bey v. Hooks, Case No. 3:13-cv-00386 (W.D.N.C.). Following a stay of proceedings to allow the Petitioner to exhaust state remedies, the Court entered an order on March 9, 2020

---

[1] Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012)(holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'").

granting the Respondent's Motion to Dismiss and dismissing the petition on grounds that he failed to exhaust his Miller claim in state court.

The Petitioner filed the instant § 2254 petition on January 24, 2022. [Doc. 1]. The Petitioner seeks to proceed *in forma pauperis* [Doc. 2] and has also filed a Motion for Release from Custody Pending Appeal [Doc. 3].

## II. DISCUSSION

### A. Motion to Proceed *in Forma Pauperis*

Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner moves this Court for an application to proceed *in forma pauperis*. The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Doc. 2]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis*.

## B. Initial Review of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless the prisoner has obtained permission to do so from the appropriate federal court of appeals. 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

As explained above, the Petitioner has previously filed multiple § 2254 petitions in this Court seeking habeas relief, all of which were unsuccessful. See James v. N.C. Dep't of Corr., Case No. 1:04-cv-201 (W.D.N.C.); James v. N.C. Dep't of Corr., Case No. 1:06-cv-148 (W.D.N.C.); James-Bey v. State of North Carolina, et al., Case No. 1:11-cv-00136-RJC (W.D.N.C.). The Petitioner has also previously been granted permission from the Fourth Circuit Court of Appeals to file a successive habeas petition, which was ultimately dismissed. See James-Bey v. Hooks, Case No. 3:13-cv-00386

4

(W.D.N.C.).

The Petitioner has not demonstrated that he has obtained authorization from the appellate court to file an additional successive petition as required by 28 U.S.C. § 2244(b)(3)(A). Therefore, the instant § 2254 petition is an improper successive petition and this Court is without jurisdiction to review the merits of the petition. In addition to being an unauthorized successive petition, the § 2254 petition is also untimely filed under 28 U.S.C. § 2244(d)(1) and fails to set forth any valid claim for habeas relief. As such, the § 2254 petition shall be dismissed.

### C.     Motion For Release Pending Appeal

The Petitioner files a Motion for Release Pending Appeal, in which he refers to himself a "Moorish American Hostage" and asks this Court to order his immediate release pending appeal. [Doc. 3]. However, the motion is frivolous and sets forth no sufficient legal or factual basis in support of his request. As such, the Motion shall be denied.

### III.   CONCLUSION

The Court grant's the Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2]. However, the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is dismissed and the Motion for Release from Custody Pending Appeal [Doc. 3] is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Application to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.
2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED.**
3. The Motion for Release Pending Appeal [Doc. 3] is **DENIED**.
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge